UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOUGLAS W. MARTIN

    Plaintiff,

    v.

OFFICER LUCKETT # 355,
ROMEOVILLE POLICE DEPARTMENT,
et al.,

    Defendants.

No. 07 C 2800
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff Douglas W. Martin has brought a complaint against various officers, police departments and municipalities alleging violations of his Fourth and Fourteenth Amendment rights. Plaintiff filed an initial complaint with this Court on May 18, 2007. Subsequently, he filed his first amended complaint and second amendment complaint. On June 23, 2009 Plaintiff filed his third amended complaint which is the subject of this Order. Defendants Village of Woodridge and Woodridge Police Department filed a motion to dismiss Plaintiff's complaint, and Defendant Will County was timely joined.

**I. BACKGROUND**

On May 25, 2005 Plaintiff was driving in the city of Joliet, Illinois. An unknown Joliet police officer noticed an alleged traffic violation committed by Plaintiff, activated emergency lights on his or her police vehicle and pursued Plaintiff's vehicle. During the pursuit, the vehicles entered the municipality of Crest Hill, Illinois. An unknown Crest Hill Police officer also activated emergency lights on his or her vehicle and joined in the pursuit. When the pursuit entered the Village of Romeoville, the Joliet and Crest Hill police officers abandoned their

pursuit and informed certain Defendants, through police traffic radio, that they were abandoning their pursuit. Plaintiff stopped his vehicle at or near 744 Farragut, Romeoville, Illinois ending the pursuit.[1]

After Plaintiff stopped his vehicle, he alleges that one Defendant broke the window of Plaintiff's door. Plaintiff alleges that he was then in "great fear for his personal safety" and subsequently drove his vehicle away from the area. Plaintiff stopped his vehicle again near Arcadia and Farragut streets, in Romeoville, Illinois. At that time and place Plaintiff alleges that he was attacked by a canine unit "owned and controlled by the Romeoville Police Department."[2] Plaintiff denies ever resisting arrest by Defendants.

Plaintiff alleges that he was then taken into custody by Defendants and was physically struck by certain Defendants resulting in injury. After being placed in custody and restrained by handcuffs, Plaintiff alleges that he was again injured by canine units and Defendants. Again, Plaintiff denies resisting his arrest.

Plaintiff was later arraigned and entered a plea of not guilty.[3] Plaintiff subsequently plead guilty to "one count of aggravated fleeing/attempting to elude Police." All other charges were dismissed.

Relevant to Defendants' motion, Plaintiff alleges that Defendants Deputy James Akers and Sargeant Thomas Budde, both of Will County Sheriff's Police, used excessive force against

---

[1] Plaintiff was pursued through the municipalities of DuPage County, Illinois and Will County Illinois for an alleged violation of a State traffic law.

[2] Plaintiff alleges that the canine unit is known as "Django."

[3] Plaintiff's case, *People of the State of Illinois v. Douglas W. Martin*, 05-CF-1079, was brought in the Circuit Court of Will County, Illinois.

Plaintiff in effecting arrest, violated the "Use of Force" policy of Will County Sheriff's Police, failed to protect Plaintiff from physical harm while in custody, and deliberately struck Plaintiff while Plaintiff was not resisting arrest. Plaintiff alleges that Defendant Will County failed to instruct members of the Will County Sheriff's Police on proper use of force against individuals undergoing arrest and while in custody.

Plaintiff brings allegations against Defendants Officer James Luckett, Officer Brian Truhlar, Officer Gary Augustine, Officer Allen Downen, The Village of Romeoville, Illinois, Deputy James Akers, Sargeant Thomas Budde, Will County, Illinois, Officer Robert Chrusciel, Sargent Marema, the Village of Woodridge, Illinois, Unknown Officers and Agents of the Village of Romeoville, Illinois Police Department, Unknown Officers and Agents of the Will County Sheriff's Police, Unknown Officers and Agents of the Village of Woodridge, Illinois Police Department under the Fourth and Fourteenth Amendments to the Constitution.

Defendants Village of Woodridge and Woodridge Police Departments, timely joined by Defendant Will County, filed a motion to dismiss Plaintiff's Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the following reasons Defendants' motion to dismiss Plaintiff's third amended complaint as to all claims against them is granted.

**II. STANDARD**

A motion to dismiss under Rule 12(b)(6) requires that I analyze the legal sufficiency of the complaint, and not the factual merits of the case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). I must take all facts alleged in Plaintiff's complaint as true and draw all reasonable inferences from those facts in favor of the Plaintiff. *Caldwell v. City of*

*Elmwood*, 959 F.2d 670, 671 (7th Cir. 1992). Plaintiff, for her part, must do more than solely recite the elements for a violation; she must plead with sufficient particularity so that her right to relief is more than a mere conjecture. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must plead her facts so that, when accepted as true, they show the plausibility of her claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Plaintiff must do more than plead facts that are "consistent with Defendants' liability" because that only shows the possibility, not the plausibility, of her entitlement to relief. *Id.* (internal quotations omitted).

## III. DISCUSSION

### A. Defendants Village of Woodridge, Illinois and Woodridge Police Department

Plaintiff concedes that Defendant Woodridge Police Department is not a suable entity and further agrees that there are insufficient pleadings under the allegations of Plaintiff's third amended complaint to sustain his claims against Village of Woodridge. Plaintiff states in his response to Defendants' motion that he has moved in a separate motion to dismiss Village of Woodridge, Illinois and Woodridge Police Department with prejudice.

As Plaintiff's motion to dismiss Defendants Village of Woodridge, Illinois and Woodridge Police Department has not yet been filed with this Court, I hereby grant Defendants' motion to dismiss all claims brought against Village of Woodridge, Illinois and Woodridge Police Department with prejudice.

### B. Defendant Will County, Illinois

Liability under § 1983 requires that defendants act "under color of state law and that the defendants' conduct violat[ed] the plaintiff's rights, privileges, or immunities as secured by the Constitution or laws of the United States." *Lanigan v. Village of E. Hazel Crest*, 110 F.3d 467,

4

471 (7th Cir. 1997). Plaintiffs in a § 1983 suit against a municipality need not meet any heightened pleading standards, but must comply only with conventional pleading standards. *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163,165, 122 L.Ed. 2d 517, 113 S.Ct. 1160 (1993).

To state a § 1983 claim against a municipality "the complaint must allege that an official policy or custom not only caused the constitutional violation, but was the 'moving force' behind it." *Estate of Sims v. County of Bureau,* 506 F.3d 509, 514 (7th Cir.2007); *see also Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978). The "official policy" requirement for liability under § 1983 is to separate acts of the municipality from acts of municipality employees. *Id*. at 515. A failure to train can only be considered an actionable city "policy" when the failure to train reflects a "deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 1200 (1989).

Plaintiff asserts that he has stated a valid claim against Will County for "failure to train and instruct police personnel" on the proper use of force against those undergoing arrest and in custody. Defendant Will County argues that Plaintiff has failed to state a case of action because there is "no direct causal link between the municipal action and the deprivation of federal rights." To support this contention, Defendant refers to Plaintiff's complaint. In his complaint, Plaintiff alleges that Sargeant Budde and Deputy Akers deprived Plaintiff of his due process rights under the Fourth and Fourteenth Amendments by violating the "Use of Force" policy of the Will County Sheriff's Police. Plaintiff also alleges that Will County failed to instruct members of the Will County Sheriff's Police on "proper use of force." Defendant argues that Plaintiff's

5

argument is flawed because he "attempts to hold Sargeant Budde and Deputy Akers liable by alleging that they did not follow Will County's policies regarding use of force, while also attempting to hold Will County liable for policies that he alleges Sargeant Budde and Deputy Akers did not follow." Defendant argues that it cannot be "held liable for a policy which Plaintiff alleges was violated and not even followed by officers."

Assuming the truth of Plaintiff's allegations, I must first determine whether Defendant's alleged "failure to train and instruct police personnel" is an actionable city "policy." As noted above, a failure to train can only be considered an actionable city "policy" when the failure to train reflects a "deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio,* 489 U.S. at 388. Deliberate indifference may be proven by "(1) failure to provide adequate training in light of foreseeable consequences; or (2) failure to act in response to repeat complaints of constitutional violations by its officers." *Sornberger v. City of Knoxville,* 434 F.3d 1006, 1029-30 (7th Cir.2006) (internal citations omitted).

Here, Plaintiff's pleading is deficient of any facts showing that Defendant was deliberately indifferent in its alleged failure to train. Plaintiff simply pleads that Defendant failed "to instruct members of the Will County Sheriff's Police on proper use of force against individuals undergoing arrest and while in custody." This pleading is insufficient to meet the "deliberately indifferent" standard necessary to raise Defendant's alleged failure to train to an actionable "policy." *See Hernandez v. Dart*, 635 F.Supp.2d 798, 813 (N.D. Ill. 2009) (holding Plaintiff's pleading of negligent failure to train or supervise insufficient to state a claim under § 1983 for failure to train); *Hutchens v. Harrison*, 2009 WL 1139121, *6 (N.D. Ill. April 28, 2009) (finding Plaintiff's allegations that Defendants "failed to adequately train Harrison" and

6

that Defendants "were on notice" regarding the "failure to train defendant Harrison...." insufficient to "plausibly suggest that the failure to train was related to any Sheriff policy or practice or a deliberate indifference that could support a *Monell* claim.").

I therefore find Plaintiff's allegations that Defendant Will County, Illinois failed to instruct members of the Will County Sheriff's Police insufficient to state a claim under § 1983. Because I find Plaintiff's pleading deficient, I do not reach Defendant's argument that Plaintiff's pleading shows no "direct causal link between the municipal action and the deprivation of federal rights."

**IV. CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's third amended complaint as to Defendants Village of Woodridge, Woodridge Police Department, and Will County is granted with prejudice .

ENTER:

_____
James B. Zagel
United States District Judge

DATE: November 3, 2009