UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOUGLAS W. MARTIN, )
) No. 07 C 2800
    Plaintiff, )
           v. ) Judge Zagel
) Magistrate Keys
OFFICER LUCKETT #355 ROMEOVILLE ) Jury Trial Demanded
POLICE DEPARTMENT, et al. )
)
    Defendants. )

## DEFENDANT THOMAS BUDDE'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Now comes, Defendant, Thomas Budde (Sergeant Budde), by and through his attorneys, Robert W. Fioretti, John B. Lower and Maureen K. Zaeske, and in reply to Plaintiff, Douglas W. Martin's (hereinafter "Martin") response to Sergeant Budde's Motion for Summary Judgment[1] states the following:

### Reply

Plaintiff's "Introduction" to his Response to Defendants' Motion for Summary Judgment is fraught with irrelevant, immaterial and unsubstantiated statements. Plaintiff devotes paragraph after paragraph to Martin's mind-set during his course of leading police officers through the streets and sidewalks in municipalities located in DuPage County and Will County, Illinois. Plaintiff cites no authority to support his introduction of Plaintiff's thoughts and intentions as relevant evidence to support his allegations of excessive force against Sergeant Budde. Plaintiff's self serving and unsupported contention that he wanted to "surrender to Officer Litrell" is simply a red herring. What

---

[1] On July 15, 2010, Will County officers Akers and Budde filed their Motion for Summary Judgment. On September 30, 2010, James Akers was dismissed from this lawsuit. (d/e 158)

has been established, however, in Martin's responses to Defendant's Joint Statement of Uncontested Material Facts in Support of Summary Judgment (Pltf. Response to DSOF) are Martin's admissions.

Martin admits:

1. That he was intoxicated from alcohol and crack cocaine (Pltf. Response to DSOF, ¶26); that he pulled over when a Joliet police squad car put on its sirens and lights (Pltf. Response to DSOF, ¶23), but when the police officer approached his vehicle, he drove away from the police stop (Pltf. Response to DSOF ¶24,25), and;

2. That he drove toward Romeoville, aware of the police behind him with lights flashing (Pltf. Response to DSOF ¶27) and he drove up on a sidewalk (DSOF ¶32, reading Plaintiff's Ex. G, Martin Dep., p.61) and that he lead the police on a one-hour pursuit through the streets and highways of DuPage and Will Counties, Interstate 55, failing to obey stop signs, driving over a gravel parking lot and into a retention area. (Pltf. Response to DSOF ¶29, 30)

3. Martin further admits, by making no objection to certain DSOF that he drove his truck toward an officer, nearly striking him and forcing the officer to jump on another squad car, then slammed into the squad car before he fled. (DSOF ¶49-51) Martin eventually lost control of his truck, drove up on a sidewalk and yard and drove into a chain link fence (Pltf. Response to DSOF ¶59).

**Argument**

Plaintiff's Response does not address any of Defendant's case law or argument on Sergeant Budde's use of force, nor does he offer any authority to support his allegations that Sergeant Budde's actions constituted excessive force. Rather, it would appear that

2

Plaintiff believes the discrepancy in the location on Martin's body the asp baton was used creates a genuine issue of material fact. Plaintiff argues that Sergeant Budde can be seen striking Martin while Martin is offering no resistance. Plaintiff further argues that the blow "glanced off his head and struck his shoulder and neck." Budde has testified that he applied his baton to Marten's left arm and shoulder (DSOF ¶83 Ex. M Budde Dep., Squad 17 Video 1:20:03, cited by Plaintiff and Defendant.) The same video evidence is cited by both parties as to this event. A difference of interpretation (or misinterpretation) of a video does not create a genuine issue of material fact. What is to be noted, however, is that Martins claim that he was not resisting at the time of Budde's use of the asp is in direct contradiction to the video, as well a the testimony of the other officers. In *Scott v.Harris*, 550 U.S. 372, 127 S. Ct. 1769, the Court noted at p. 380, 381:

> The record in this case includes a videotape capturing the events in question. Where, as here, the record blatantly contradicts the plaintiff's version of events so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a summary judgment motion.

The Court further noted at p. 380:

> At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. Fed. Rule Civ. Proc. 56(c). "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

3

Plaintiff appears to argue that Sergeant Budde's use of the asp baton was "improper" or "impermissible" by the Will County Sheriff's Department, and references Exhibit 10-1 in support of this argument. Exhibit 10-1 was not filed by the Plaintiff with his Response, therefore Defendant is unable to discuss this section in context. Furthermore, Plaintiff offers no authority that this statement is relevant to an allegation of excessive force.

Plaintiff cites carefully selected phrases from *Saucier v. Katz*, 533 U.S. 194, purportedly to support his arguments against qualified immunity, although the application of *Saucier* to this case was not argued by the Plaintiff. In fact, *Saucier* lends support to Defendant's Motion for Summary Judgment in the area of excessive force. The *Saucier* Court noted:

> In *Graham* we noted that "our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." 490 U.S. at 396.

Joining in the Argument of Officer Chrusciel, because the plaintiff has failed to respond to Sergeant Budde's arguments on excessive force, his responses are waived.

Plaintiff makes two curious arguments in his Response. In the first argument, Plaintiff references that Sergeant Budde was the "ranking officer" on the scene. This statement is without support or foundation. Plaintiff alleges that the unsupported claim of rank lends liability to Defendant for action of the other officers. Plaintiff fails to support any allegation that Sergeant Budde had a duty to intervene or that any intervention was warranted.

In the second argument, Plaintiff's reference to Budde's affidavit and subsequent deposition testimony as support of an allegation that Sergeant Budde's memorandum in

4

support of his Motion for summary judgment is false, is improper. The Court dealt with affidavits and conflicting depositions in *Darnell v. Target Stores, Inc.,* 16 F.3d 174, 1994 U.S. App. LEXIS 2037. The Court noted that "Inherently, depositions carry an increased level of reliability. Depositions are adversarial in nature and provide the opportunity for direct and cross examination." Darnell, at 176. The Court also noted that parties cannot thwart the purpose of Rule 56. When faced with contradicting deposition testimony and affidavits form the same person, the trial court was entitled to grant summary judgment on the deposition testimony. Plaintiff's argument on this issue raises no genuine issue of material fact and is irrelevant to Defendant's Motion for Summary Judgment.

Plaintiff makes no argument as to Defendant's Motion for Qualified Immunity. Martin failed to establish the existence of a clearly established constitutional right by (1) citing or referring to a closely analogous case establishing that he had a right to be free of the force the police officers used or (2) show that the force used by the officer was so "plainly excessive" that the police officer should have been on notice that he or she was violating the plaintiff's constitutional rights. Plaintiff has waived his argument.

Sergeant Budde was faced with an individual, Martin, who led police on an extensive police chase, demonstrated his danger to the public by the manner that he was fleeing and his willingness to use his vehicle as a weapon. Sergeant Budde's actions were reasonable, and not excessive, in light of the circumstances on May 25, 2005.

Wherefore, Sergeant Budde, for all the foregoing reasons, respectfully request that this Honorable Court find that Sergeant Budde is entitled to qualified immunity, grant Defendant's Motion to for Summary Judgment and enter judgment in his favor and

against Plaintiff along with fees and costs, and such other additional relief as this Court deems just and proper.

Respectfully submitted,

By    s/ Maureen K. Zaeske
    One of Defendant's attorneys

Robert W. Fioretti – 3121708
John B. Lower – 6180321
Maureen K. Zaeske - 6183935
FIORETTI, LOWER & CARBONARA, LLP
222 South Riverside Plaza, Suite 1550
Chicago, Illinois 60606
(312) 568-5490
(312) 568-5495 (facsimile)